UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CORY LEE JACOBS, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 6: 20-91-DCR |
| V. | ) ) | |
| UNKNOWN MEMBER OF UNKNOWN NAMED STAFF, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff Cory Jacobs's motion for reconsideration. [Record No. 13] In April 2020, the Court dismissed Jacobs's Complaint, without prejudice, following initial screening. The Court noted that Jacobs did not pay the filing fee or move for *pauper* status. Further, his Complaint did not identify any defendant by name, the Complaint did not provide factual detail to support his wide-ranging claims, and numerous cases filed by Jacobs in various federal courts had been dismissed for the same reasons. [Record No. 5] Jacobs filed a Notice of Appeal five months later. [Record No. 6] However, the Sixth Circuit dismissed the appeal after Jacobs disregarded an order directing him to seek *pauper* status. [Record No. 9]

Five months later in June 2021, Jacobs filed a "Motion for Extension of Time and Consolidation of Torts under Statute/Law." This document consisted only of unexplained references to a series of tort claim numbers and grievances Jacobs filed with the Bureau of

Prisons, and was devoid of any clear request for relief. [Record No. 10] That motion was denied. [Record No. 11]

Jacobs contends in his present motion that he sent numerous documents or motions to the Court that were not received or filed in the record, including a motion to appoint counsel, objections, a Notice of Appeal and a motion to vacate the order of dismissal. He also asserts that either the Clerk of this Court is not filing his documents or that prison officials (who he alleges have denied him the materials he needs to contact this and other courts) have stolen his letters intended for filing. Jacobs further contends that the Court erred by dismissing his Complaint for failure to provide a certified statement of his inmate account (a basis the Court did not use) and for his failure to identify the defendants. [Record No. 13]

Because Jacobs filed his motion for reconsideration more than twenty-eight days after entry of the judgment, the Court construes his motion as one for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure rather than as one to alter or amend the judgment under Rule 59(e). *Lommen v. McIntyre*, 125 F. App'x 655, 658-59 (6th Cir. 2005); *Braggs v. Perez*, 42 F. App'x 678, 680 (6th Cir. 2002). Rule 60(b) permits a district court to grant relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . ., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007) (internal quotation marks omitted). It "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F. 3d 381, 385 (6th Cir. 2001).

Because the Court dismissed this action more than one year ago, Jacobs may no longer seek relief under Rule 60(b)(1-3). *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). And the grounds set forth in Rule 60(b)(4) and (5), which relate to judgments that are void or have been satisfied, released, or discharged, do not apply here. However, Rule 60(b)(6) provides a "catch-all" provision which authorizes a court to grant relief from a judgment for "any other reason that justifies relief." Notwithstanding this broad language, courts have held that resort to this section is not appropriate unless the movant establishes that truly extraordinary circumstances warrant relief. *Cf. Cano v. Baker*, 435 F. 3d 1337, 1342 (11th Cir. 2006). No such circumstances are present here.

Jacobs provides no evidence to support his assertion that documents he sent for filing were confiscated by prison officials or that the Clerk of the Court rejected or discarded his filings. Indeed, both before and after the dismissal of this case, Jacobs has continued to send documents to various courts which have been received and filed. *Cf. United States v. Jacobs*,

No. 1: 18-CR-245-TDS-2 (M.D.N.C. 2018) [Record Nos. 96, 103 therein]; *Jacobs v. U.S. Marshals Service*, No. 3: 20-CV-293-MHL-RCY (E.D. Va. 2020) [Record Nos. 12, 14, 18, 19, 22 therein], *appeal dismissed*, No. 20-7032 (4th Cir. 2020) [Record Nos. 8, 9, 10 therein]; *Jacobs v. USP McCreary*, No. 1: 20-CV-518-TDS-JEP (M.D.N.C. 2020) [Record No. 1 therein].[1]

Further, Jacobs's disagreement with the reasons stated by the Court for the dismissal of his Complaint are grounds for an appeal, not relief under Rule 60(b). And here, Jacobs has taken an unsuccessful appeal. Courts have repeatedly held that relief under Rule 60 is not appropriate where the plaintiff attempts to use that mechanism as a substitute for appeal, or alternatively as a means to obtain some measure of additional review long after the time period to file a notice of appeal has expired. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 2014 WL 463663, at *7-8 (11th Cir. 2014) (*citing Ackermann v. United States*, 340 U.S. 193, 197 (1950) (holding that denial of relief under Rule 60(b) was proper where petitioner failed to allege circumstances showing that his failure to file a direct appeal was justifiable). *See also Steinnoff v. Harris*, 698 F. 2d 270, 275 (6th Cir. 1983) (holding that party seeking relief from judgment entered upon asserted legal error pursuant to Rule 60(b)(1) must file motion for such relief within time period permitted for appeal); *Martinez-McBean v. Gov't of Virgin Islands*, 562 F. 2d 908, 911 (3d Cir. 1977) ("[I]t is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal."); Fed. R.

---

[1] The court may take judicial notice of undisputed information contained on government websites. *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009); *United States v. Garcia*, 855 F. 3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

App. P. 4(a)(vi) (noting that a Rule 60 motion extends the time to file an appeal until the resolution of the motion only "if the motion is filed no later than 28 days after the judgment is entered.").

In short, Jacobs has failed to provide at this late juncture a viable basis to disturb the dismissal of his Complaint without prejudice. Accordingly, it is hereby

**ORDERED** that Plaintiff Cory Lee Jacobs's "Motion for Reconsideration" [Record No. 13] is **DENIED**.

Dated: July 16, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky